**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Annie Gray aka Gary, Sadie Jackson, M. Diane Jackson, William Jackson Sr., Eric Caldwell, Renee Rose, formerly & aka Renee Caldwell, and Bobby L. Rookard, Appellants,

v.

Lorine Jackson aka Lorene Jackson, Respondent.

Appellate Case No. 2024-001739

———————

Appeal From Spartanburg County
Grace Gilchrist Knie, Circuit Court Judge

———————

Unpublished Opinion No. 2026-UP-354
Submitted June 1, 2026 – Filed July 8, 2026

———————

**AFFIRMED**

———————

Rolf Mouin Baghdady, of Rolf M. Baghdady, P.A., of Chapin, for Appellants.

Johnny Elliot Watson, Sr., of Watson Law Firm, of Columbia, for Respondent.

———————

**PER CURIAM:** This appeal arises from a bench trial verdict rejecting Appellants' claims seeking either a finding of an express trust or the equitable imposition of a constructive trust. We affirm.

## FACTS

This dispute centers around property consisting of three lots on Blackstock Road in Inman, South Carolina. None of the three buildings on these lots were purportedly habitable as of 2023. Appellants are some of the children (and grandchildren) of Irene Hardy Jackson and John C. Jackson (collectively, Parents). Parents were deeded the property that is in dispute in 1962 for $1 and "love and affection." In 1985, Parents similarly deeded the property to one of their daughters, Appellant Diane Jackson, for $10 and "love and affection."

In 1989, Parents and other family members discovered that Diane had used the property as security for a bond for her husband. Because they perceived Diane's husband as a flight risk—and thus feared the bond could jeopardize title to the property—they asked Diane to transfer the property to her sister, Respondent Lorine Jackson.[1] Diane obliged, but the parties dispute which of two instruments purporting to actualize this transfer was valid. The deed that appears in the record was drafted by an attorney, James Cheek, and reflects an unqualified transfer of the property from Diane to Lorine in 1989 for $10 and "love and affection" (the Cheek Deed). However, Appellants averred at trial that the Cheek Deed was not the deed Diane signed. Rather, they alleged Diane signed a deed earlier the same day that was notarized by Gary Burgess (the Burgess Deed). The Burgess Deed purportedly specified limitations on the property transfer, such as that the property had to always remain available for the benefit of Parents' children. The Burgess Deed is thought to be lost or destroyed and therefore does not appear in the record.

Diane lived on the property from "when she was born," assumed full-time care of it sometime thereafter, and maintained it until 2022 when Lorine evicted her.[2] Following the eviction, Appellants commenced the present litigation against Lorine, seeking either (1) a finding that there was an express trust, (2) a finding that there was a resulting trust, or (3) the imposition of a constructive trust. Appellants also argued they were entitled to an accounting of rent and expenses relating to the property. Throughout the ensuing bench trial, Appellants explained

---

[1] At times in the record, Lorine is spelled as Lorene.

[2] The record is devoid of any orders or transcripts relating to the eviction.

their desired outcome was for the court to place the property in a trust for the benefit of all Appellants. At the bench trial's conclusion, the circuit court denied relief and found Appellants failed to meet their burden for imposing a constructive trust. The circuit court did not address the express trust cause of action. This appeal followed.[3]

## STANDARD OF REVIEW

"An action to declare a constructive trust is in equity, and [the appellate court] finds facts in accordance with its own view of the evidence." *Lollis v. Lollis*, 291 S.C. 525, 530, 354 S.E.2d 559, 561 (1987). Even under this de novo standard of review, appellate courts adhere to the longstanding principle that a trial court is in a superior position to assess witness credibility. *See Stoney v. Stoney*, 422 S.C. 593, 595, 813 S.E.2d 486, 487 (2018).

## LAW AND ANALYSIS

Appellants argue fraud and duress justify the imposition of a constructive trust. The duress argument is unpreserved because the circuit court did not rule on it and Appellants did not file a Rule 59(e), SCRCP, motion. *See Johnson v. Lloyd*, 407 S.C. 610, 612, 757 S.E.2d 705, 706 (2014) (per curiam) ("A party must file a Rule 59(e), SCRCP, motion to preserve an issue that the trial court fails to rule on."). As to fraud, Appellants argue in a cursory fashion that the Cheek Deed was executed fraudulently because Diane contended she did not sign the deed. Appellants acknowledge that Cheek himself testified that Diane signed the deed at

---

[3] Appellants raise on appeal the issue of whether the circuit court erred by failing to find an express trust was established. We decline to reach this issue because it is not preserved for our review. Appellants expressly forfeited these arguments below. During their opening argument to the circuit court, Appellants explained they were "not proceeding on the express trust [theory] . . . because [they] . . . believe[d] parol evidence [was] required" to prevail on such a theory. Consequently, the circuit court did not rule on this issue in its order, and Appellants did not file a Rule 59(e), SCRCP, motion to preserve the issue for appeal, rendering it unpreserved. *Johnson v. Lloyd*, 407 S.C. 610, 612, 757 S.E.2d 705, 706 (2014) (per curiam) ("A party must file a Rule 59(e), SCRCP, motion to preserve an issue that the trial court fails to rule on."). Therefore, we cannot address these arguments on appeal. *See Ulmer v. Ulmer*, 369 S.C. 486, 490, 632 S.E.2d 858, 861 (2006) ("An appellate court will not consider issues on appeal which have not been preserved for appellate review.").

his office but simply proclaim that Cheek's testimony lacked credibility. We reject the fraud argument.

Constructive trusts are equitable devices that courts may impose to prevent a party from retaining legal title to a property when the circumstances under which they acquired it would render retention inequitable. *Lollis v. Lollis*, 291 S.C. 525, 529, 354 S.E.2d 559, 561 (1987).

> A constructive trust results from fraud, bad faith, abuse of confidence, or violation of a fiduciary duty which gives rise to an obligation in equity to make restitution. Fraud is an essential element, although it need not be actual fraud. . . . In order to establish a constructive trust, the evidence must be clear, definite, and unequivocal.

*Id.* at 525–26, 354 S.E.2d at 561.

The only evidence relating to whether Diane actually signed the Cheek Deed is conflicting witness testimony. The Cheek Deed itself bore Diane's signature, and Diane acknowledged her signature appeared on the deed, but she claimed to have signed only a blank paper at home. Cheek, on the other hand, testified that Diane was present in his office and properly executed the deed in front of two witnesses. Burgess testified that the Cheek Deed was not the one he notarized, but he could not confirm that what he did notarize was actually a deed.

To the extent this issue turned on the credibility of the witnesses, we defer to the circuit court's assessment because it was in the better position to make this determination. *See Stoney*, 422 S.C. at 595, 813 S.E.2d at 487 (recognizing that even under de novo review, appellate courts still adhere to the longstanding principle that a trial court is in a superior position to assess witness credibility).

Appellants have not carried their burden of demonstrating by "clear, definite, and unequivocal" evidence that imposing a constructive trust is necessary to prevent an inequity. Appellants contend that Parents transferred the property to Diane with the expectation that she would hold it in trust for the family's benefit, and that this flowed in turn to Diane's transfer of the property to Lorine. Yet the only deed in the record reflects that Diane deeded the property to Lorine, who herself is a member of the family, with no restrictions. Thus, even accepting Appellants' characterization of the transfer, Lorine's continued ownership of the

property does not demonstrate the type of inequitable acquisition or retention necessary to justify imposing a constructive trust.

For the foregoing reasons, the order of the circuit court is

**AFFIRMED.**[4]

**GEATHERS, HEWITT, and CURTIS, JJ., concur.**

---

[4] We decide this case without oral argument pursuant to Rule 215, SCACR.